# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BRIDGET ANNE O'NEILL,**

      **Plaintiff,**

v.                                                      Case No: 6:21-cv-1072-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER[1]

This cause comes before the Court on Plaintiff's Uncontested Motion for Attorney's Fees (the "Motion"), filed July 12, 2022. (Doc. 29.) Therein, Plaintiff seeks an award of attorney's fees amounting to $4,448.78 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (*Id.* at 1.) The Commissioner does not object to the requested relief. (*Id.* at 3.) Upon consideration, the Motion is due to be granted in part.

## I. BACKGROUND

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff's claim for Social Security Disability benefits

---

[1] On December 2, 2021, both parties consented to the exercise of jurisdiction by a magistrate judge. (Doc. 17.) The case was referred by an Order of Reference on December 8, 2021. (Doc. 21.)

and Supplemental Security Income payments. (Doc. 1.) On May 5, 2022, the Commissioner filed an unopposed motion for remand, which this Court granted, reversing the final decision and remanding the case to the Commissioner for further proceedings. (Docs. 26, 27.) Thereafter, Plaintiff filed the instant Motion, requesting an award of attorney's fees of $4,448.78. (Doc. 29.) The Motion contains a schedule of the attorneys' billable hours to support the application. (*Id.* at 10–11.) Plaintiff also attached a copy of the retainer agreement, which assigns her EAJA fees to her counsel, Richard A. Culbertson, Esq. (Doc. 29-1.)

## II.  DISCUSSION

### A. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees; and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[2] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since

---

[2] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

the Court entered a sentence four remand. (Doc. 27.) Further, the request for fees was timely since it was filed within 30 days from entry of the final judgment after the period for appeal had expired. (Docs. 28, 29); *Cruz v. Berryhill*, 347 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018). Additionally, Plaintiff avers that she is not excluded from eligibility based on any of the exclusions set forth in the EAJA, which includes satisfying the net worth requirement, and Plaintiff further contends that the Commissioner's position was not substantially justified. (Doc. 29 ¶¶ 6, 7.) Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### B. Eligibility for an Award of Fees

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*, 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d

1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-cv-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-cv-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff's counsel expended 2.0 hours in 2021 and 17.9 hours in 2022, for a total of 19.9 hours in EAJA-related representation in this case. (Doc. 29 at 2, 10–11.) After

reviewing a description of the activities performed in relation to this matter, the Court determines that 19.9 hours is reasonable in this case. The majority of the time was spent reviewing the transcript and preparing the Plaintiff's portion of the joint memorandum. (*Id.* at 10–11.) Plaintiff's counsel spent the remaining time communicating with their client and reviewing the Court's Orders. (*Id.*) None of these activities appears to be clerical, secretarial, or excludable as unnecessary.

With regard to the hourly rate, Plaintiff is requesting an award of $212.61 per hour for work completed in 2021 and $224.78 per hour for work completed in 2022. (*Id.* at 6.) Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience, and reputation in the Orlando area exceeds $125 per hour.[3] Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed their work on this case justifies an upward adjustment from $125. Plaintiff uses the CPI for the Southern region of the United States to arrive at this rate, which the Court finds most accurately reflects the increase in the cost of living in the Orlando area to calculate the appropriate hourly rate.[4] *See Zapata-Reyes v. Commissioner*, No. 6:18-cv-976, slip op. at 5–6 (M.D. Fla. Oct. 4, 2019); *Alzamora v. Commissioner*, No. 6:18-cv-618, slip op. at 5–6 (M.D. Fla. Oct. 4, 2019). According to the United States Department of Labor, the 1996

---

[3] Plaintiff is represented by Richard A. Culbertson and Sarah P. Jacobs. Though neither Mr. Culbertson nor Ms. Jacobs provided an affidavit about their experience or customary rate, they are known in the legal community as specialists in social security law, reflected by their numerous appearances in social security cases before this Court.
[4] CPI for the Southern region of the United States can be found at https://data.bls.gov/cgi-bin/surveymost?cu (last visited June 16, 2022).

Case 6:21-cv-01072-EJK   Document 30   Filed 07/25/22   Page 7 of 7 PageID 1116

average CPI for all urban consumers in the Southern region was 261.259 in 2021.[5] In 2022, the average CPI for all urban consumers in the Southern region was 279.256.[6] Accordingly, the adjusted hourly rate should be $212.61 for 2021, and $225.93 for 2022.[7] Thus, the amount of attorney's fees Plaintiff is entitled to is $4,493.16.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion (Doc. 29) is **GRANTED IN PART**.

2. Plaintiff is **AWARDED** attorney's fees in the amount of $4,493.16.

**DONE** and **ORDERED** in Orlando, Florida on July 25, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court calculated the CPI for 2021 by taking an average of the CPI from January 2021 to December 2021.

[6] The Court calculated the CPI for 2022 by taking an average of the CPI from January 2022 to June 2022, the last month available.

[7] The hourly rate is calculated by determining the percentage increase of the CPI from 1996 to the relevant year and adjusting the EAJA $125 fee cap accordingly. Thus, the 2021 calculation is as follows: $(((261.259 - 153.6)/153.6)) + 1) \times \$125 = \$212.61$. The 2022 calculation is as follows: $(((279.256 - 153.6)/153.6)) + 1) \times \$125 = \$227.26$.

- 7 -